**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| Teliah C. Perkins, Individually and as Parent and Natural Guardian of D.J., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>Kyle Hart and Ryan Moring,<br><br>Defendants. | Civil Action No. 21-879<br><br>Judge: Wendy B. Vitter<br><br>Magistrate Judge: Donna Phillips Currault |

**[PROPOSED] AMENDED JOINT PRE-TRIAL ORDER**

Pursuant to the Court's September 30, 2021 Scheduling Order (R. Doc. 25) and Pre-Trial Notice (R. Doc. 25-1) and the Court's March 20, 2024 Minute Entry & Order (R. Doc. 97), the Parties submit the following Proposed Amended Joint Pre-Trial Order:

## I.    DATE OF PRE-TRIAL CONFERENCE

1. The pre-trial conference is scheduled for April 11, 2024 at 12:00 p.m.

## II.    APPEARANCE OF COUNSEL

**A.    Counsel for Plaintiff**

2. Keith Y. Cohan (*pro hac vice*) (lead trial counsel)
   Ryan M. Goldstein (*pro hac vice*)
   Emma Culotta (*pro hac vice*)
   Sean D. Johnson (*pro hac vice*)
   REID COLLINS & TSAI LLP
   1301 S. Capital of Texas Hwy
   Building C, Suite 300
   Austin, Texas 78746
   Tel.: 512.647.6100
   kcohan@reidcollins.com
   rgoldstein@reidcollins.com
   eculotta@reidcollins.com
   sjohnson@reidcollins.com

1

E. Bridget Wheeler
bwheeler@laaclu.org
LA. Bar No. 37546
Nora Ahmed (*pro hac vice*)
nahmed@laaclu.org
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St., Suite 2160
New Orleans, Louisiana 70112
Telephone: (504) 522-0628

**B.** **Counsel for Defendant:**

3.      Andrew R. Capitelli (#31649)
Sarah A. Fisher (#39881)
MILLING BENSON WOODARD LLP
68031 Capital Trace Row
Mandeville, LA 70471
Telephone: (985) 292-2000
Facsimile: (985) 292-2001
acapitelli@millinglaw.com
sfisher@millinglaw.com

### III.      DESCRIPTION OF THE PARTIES

4.      The plaintiff for the claim(s)[1] to be tried is De'Shaun Grant Johnson ("**Plaintiff**").[2] Plaintiff resides in Slidell, Louisiana. For trial, Plaintiff asserts one federal claim and one state law claim against Defendant Ryan Moring.

5.      The defendant for the claim(s) to be tried is Deputy Ryan Moring ("**Defendant**"),[3] named in his individual capacity. Defendant is a St. Tammany Parish Sheriff's Office ("**STPSO**") Deputy. Defendant does not assert any counterclaims.

---

[1] It is Plaintiff's position that his claim for intentional infliction of emotional distress remains for trial, along with his Section 1983 claim for First Amendment retaliation. *See* R. Doc. 97. Defendant denies that the intentional infliction of emotional distress claim remains for trial.

[2] Plaintiff was a minor when this action was filed and therefore filed claims through his mother, Teliah Perkins, and used his initials in the complaint and summary judgment briefing. *See* Fed. R. Civ. P. 5.2(a). Plaintiff is now an adult. All claims brought by Ms. Perkins were dismissed by the Fifth Circuit.

[3] No claims remain against Defendant Kyle Hart.

2

#### IV.    STATEMENT OF JURISDICTION

**A.    Plaintiff's Statement**

6.    The Court has federal question jurisdiction over Plaintiff's Section 1983 claim for First Amendment Retaliation pursuant to 28 U.S.C. §§ 1331 and 1343, as the controversy arises under the U.S. Constitution and 42 U.S.C. § 1983. The Court may exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress pursuant to 28 U.S.C. § 1367(a).

**B.    Defendants' Statement**

7.    Defendant agrees that this Honorable Court has jurisdiction over Plaintiff's Section 1983 claim for First Amendment Retaliation but disagrees that any state law claim for intentional infliction of emotional distress remains.

#### V.    MOTIONS

**A.    Plaintiff's Motions**

8.    Plaintiff originally filed two motions in limine on March 30, 2022 (*see* R. Doc. 58), which sought to (1) prohibit argument by Defendants in opening statement that the recordings of the arrest were doctored or edited with ill intent, and (2) exclude evidence, statements, or arguments regarding the STPSO investigative case report. At the first pretrial conference, on April 6, 2022, the Court denied in part as moot and deferred in part the two motions (*see* R. Doc. 60 at 4). Specifically, the Court denied as moot Plaintiff's first motion in limine "after counsel for Defendants agreed not to ascribe any intent to the edited video at issue in his opening statement." The Court deferred Plaintiff's second motion in limine concerning the admission of the STPSO's law enforcement investigatory report, and stated that it would take the issue under advisement before issuing a written ruling on it commensurate with the discussion during the pretrial

conference. *See* R. Doc. 60 at 4. Given the stay that was later entered in the case, the Court never issued a ruling on that part of the motion in limine.

9.      On April 29, 2022, each party submitted motions in limine (*see* R. Doc. 63, 64) to exclude the use of exhibits that the counterparty identified in the original March 30, 2022 Proposed Pretrial Order. Later on April 29, 2022, the Court issued an order continuing the trial date (*see* R. Doc. 65, 67). Accordingly, no ruling has been issued on these motions in limine. In any event, the April 29, 2022 motions in limine are now moot given that the parties are now submitting revised exhibit lists in the instant Proposed Pretrial Order.

10.     Plaintiff has yet to determine what additional motions in limine, if any, he intends to file.

**B.      Defendant's Motions**

11.     Defendant has yet to determine what motions in limine, if any, he intends to file.

**VI.      SUMMARY OF MATERIALS FACTS**

**A.      Plaintiff's Statement**

12.     Plaintiff is a high school senior who resides with his family in Slidell, Louisiana. He was 14 years old at the time of the incident giving rise to this lawsuit. On the afternoon of May 5, 2020, Defendant and Deputy Hart drove to Plaintiff's neighborhood to respond to an anonymous complaint about someone driving a dirt bike recklessly on Jay Street. Defendant and Deputy Hart approached the driveway of Plaintiff's home and asked his mother, Teliah Perkins, for her driver's license and bike paperwork. When Ms. Perkins raised whether the anonymous complaint had anything to do with her race, the deputies quickly became hostile. Deputy Hart told Ms. Perkins "Shut the fuck up! This ain't about fucking race!" And when a neighbor approached the house, Defendant yelled at her to "stay the fuck back" and said he would "fuckin arrest" her if she came any closer.

4

13.    Ms. Perkins then called for Plaintiff and her minor nephew, Jeron Perkins,[4] to come outside and record the deputies. When the boys came out of the house and began recording from the driveway, Defendant and Deputy Hart told them to go back to the porch. Ms. Perkins responded that they didn't need to go back to the porch, because they were on their own driveway.

14.    Without telling Ms. Perkins what violations she was accused of, Deputy Hart suddenly decided "that's it" and declared that Ms. Perkins was under arrest. Deputy Hart advanced up the driveway, seized Ms. Perkins by the arms, and forced her to the ground.

15.    Plaintiff recorded this take down on his phone, and then continued to record his mother's interactions with the deputies. Once Deputy Hart handcuffed Ms. Perkins, Defendant stood up and positioned himself between Plaintiff and his mother, intentionally using his body to block Plaintiff from recording the arrest. As Plaintiff's recording shows, Defendant continued approaching Plaintiff and shoved him backward. While standing in front of Plaintiff, Defendant drew his Taser, pointed it at Plaintiff, and verbally threatened to use it. This conduct continued even after Deputy Hart had taken Ms. Perkins away to the side of the road.

16.    Jeron also recorded the incident from the driveway. In addition to showing the altercation between Deputy Hart and Ms. Perkins from another angle, Jeron's recording shows Defendant blocking Plaintiff's own recording.

17.    Plaintiff was not arrested or charged with any crime in connection with the incident and posed no threat to the safety of the officers or the public.

18.    Defendant's actions—including the use of his body to block the recording and the threatened use of his Taser—curtailed Plaintiff's exercise of his First Amendment rights. Additionally, Defendant's actions caused Plaintiff immense emotional distress. Following the

---

[4] Mr. Perkins was a minor at the time of the incident. The parties previously referred to Mr. Perkins by his initials, J.P, but Mr. Perkins is now an adult.

incident, Plaintiff was diagnosed with post-traumatic stress disorder, received therapy, and has struggled with depression, anxiety, and a fear of participating in social life.

## B.    Defendant's Statement

19.    On Tuesday May 5, 2020, at approximately 3:10 p.m., Deputies Ryan Moring and Kyle Hart ("Defendants") were conducting a routine motorcycle patrol in Slidell, Louisiana, when Deputy Moring received a dispatch to Jay Street in Slidell, in reference to a female recklessly operating a motorcycle in the vicinity.  While passing the residence located at 2018 Jay Street, the officers observed Teliah Perkins ("Ms. Perkins") standing next to a motorcycle in front of the residence.

20.    The officers then observed Ms. Perkins operating the motorcycle in the roadway without a helmet. As the officers approached, Ms. Perkins began to back her motorcycle into the driveway with the motor still running.

21.    The officers then engaged Ms. Perkins who was dismounting her motorcycle. Before the officers could explain the reason for their presence at her residence, Ms. Perkins immediately became agitated, yelling, "Y'all, just here cause, my neighbors are racists and they always be calling y'all on me." Deputy Hart explained that the deputies were there in response to a complaint of a female operating a motorcycle in a reckless manner.

22.    Ms. Perkins ignored the officers and began calling people on her cell phone, telling those whom she called to come to her residence because the police were there "again." During this time, the officers requested her driver's license, proof of insurance, and registration for the motorcycle for the lawful stop of operating a motorcycle without a helmet.

23.    After handing her driver's license and a piece of paper to Deputy Morning, Ms. Perkins turned, walked away, and went inside the residence. The officers could hear her yelling at someone inside the house to come outside and video the interaction. Shortly after Ms. Perkins

6

returned outside, two males, including Defendant, De'Shaun Johnson, exited the residence and began to apparently record the interaction between Ms. Perkins and the officers.

24.    While Deputy Hart was trying to speak with Ms. Perkins, an unidentified female approached the scene and stood between Deputy Moring and the Plaintiff. Deputy Moring advised the female not to approach, and had to repeat this command several times until, finally, the female backed away from the scene.

25.    When Ms. Perkins was ultimately unable to produce proof of insurance, Deputy Moring requested central dispatch to contact the next wrecker off the wrecker rotation log to have the motorcycle impounded pursuant to LSA – R.S. 32:863.1.

26.    Deputy Hart relocated to the rear of Deputy Moring's motorcycle to begin filling out the citation. As he began to fill out the citation, he noticed that Plaintiff and another male were beginning to approach the officers. Deputy Hart then requested that the males stay on the porch if they wished to record the interaction. At that time, both officers observed Ms. Perkins walking towards the front door of her residence, at which point she said something to the effect of "fuck y'all, I'm going inside."

27.    As Ms. Perkins was now attempting to flee a lawful custodial stop, Deputy Hart informed her that she was under arrest and moved towards her in order to place her in handcuffs.

28.    While attempting to place Ms. Perkins's hands behind her back, she pulled away from Deputy Hart, and he again tried to place her in handcuffs while she was still resisting. At that time, Deputy Moring approached and tried to assist in placing her in custody. As Ms. Perkins was continuing to resist this lawful arrest, and continued to ignore the deputies' commands to stop resisting, Deputy Hart decided to place Ms. Perkins on the ground in order to overcome her resistance and to place her in handcuffs.  While on the ground, Ms. Perkins continued to resist

7

arrest by thrashing her body from side to side. The officers continued to struggle with Ms. Perkins, attempting to place her on her stomach so that they could get her hands behind her back.

29.     After getting Ms. Perkins on her stomach, Deputy Hart was finally able to place handcuffs on her. While doing this, Plaintiff and the other male approached the scene again, at which point Deputy Moring stood up and ordered them to back up and to not interfere with the arrest.

30.     Deputy Hart then tried to stand up, but as he did so, Ms. Perkins flipped over onto her back and kicked Deputy Hart in the legs, causing him to lose his balance and fall on top of her. Ms. Perkins continued to thrash back and forth while Deputy Hart tried to stand. After regaining his balance, and unsure of the intentions of Plaintiff and the other male, Deputy Hart placed Ms. Perkins in a handcuffed escort position and moved her away from the males and towards the street.

31.     During this time, Deputy Moring noticed Plaintiff and the other male beginning to approach them again. Deputy Moring then raised his open hand in a "stop" motion and informed Plaintiff and the other male, for the second time, that they needed to film from the porch of the residence. At that point, Plaintiff slapped Deputy Moring's hand away and continued to walk toward the scene of the arrest.

32.     After Plaintiff's refusal to comply with Deputy Moring's verbal commands and slapping his hand away, Deputy Moring drew his service taser, as a display of force, to prevent Plaintiff and the other male from approaching any further. They eventually complied and returned to the porch of the residence and continued to apparently film the arrest.

33.     Ms. Perkins was arrested for the following: L.R.S. 14:108.2 (Resisting a police officer with force or violence); L.R.S. 14:34.2 (Battery of a police officer); L.R.S. 32:863.1 (No proof of insurance); and L.R.S. 32:190 (No safety helmet).  On July 26, 2021, the District

Attorney's Office for the 22nd Judicial District Court for the Parish of St. Tammany amended Ms. Perkins' bill of information to "R.S. 14:108 Resisting an Officer." Following the amendment to the bill of information, the trial of Teliah Perkins for violation of LSA – R.S. 14:108 proceeded before the Honorable Vincent Lobello. After the conclusion of the evidence, Ms. Perkins was found guilty as charged.

## VII.    UNCONTESTED MATERIAL FACTS

34.    The incident in this case occurred on May 5, 2020.

35.    On that date, St. Tammany Parish Sheriff's Deputies Kyle Hart and Ryan Moring drove to Jay Street in Slidell, Louisiana to investigate a report of someone operating a dirt bike recklessly on the street.

36.    Deputy Hart and Defendant Moring initiated contact with Ms. Perkins between 3:00 and 4:00 p.m. at Ms. Perkins' residence at 2018 Jay Street.

37.    Plaintiff and his cousin later exited the residence to film the interaction between Ms. Perkins and the Deputies.

38.    While Plaintiff and his cousin were recording, Deputy Hart arrested Ms. Perkins, and an altercation ensued between the Deputies and Ms. Perkins.

39.    At the time of the arrest, Deputy Moring was acting in his official capacity as a St. Tammany Parish Sheriff's Office Deputy and was acting under the color of the law of the State of Louisiana.

## VIII.    CONTESTED ISSUES OF FACT

40.    The parties contest the following issues of fact:

41.    Plaintiff and his cousin, Jeron, were present during the arrest. Plaintiff asserts that he and Jeron each took video recordings of the arrest. Defendant denies this allegation to the extent that the videos have not been authenticated.

9

42.    Plaintiff asserts that after Ms. Perkins was handcuffed, Defendant Moring turned his attention to Plaintiff while Plaintiff continued attempting to record Ms. Perkins and Deputy Hart. Defendant denies that assertion as written.

43.    Plaintiff asserts that Defendant moved directly in front of Plaintiff, told him to "get back," and eventually pointed his service Taser at Plaintiff and threatened to use it. Defendant denies that assertion as written.

44.    Defendant asserts that Plaintiff attempted to interfere with the arrest of Ms. Perkins. Plaintiff denies that assertion.

45.    Defendant asserts that Plaintiff's actions constituted a threat to the officer's safety and a hazard to the officer's ability to secure a safe perimeter around the scene of an active arrest. Plaintiff denies that assertion. Rather, Plaintiff asserts that he was not a hazard, was not too close to the incident, did not impede the Deputies' ability to perform their duties, and did not cross the line between filming the police and hindering the police. Plaintiff further contends that his assertions are supported by, if not explicitly stated in, the Fifth Circuit Court of Appeals' ruling. Defendant denies Plaintiff's assertion and interpretation of the Fifth Circuit's ruling.

46.    Defendant asserts that he raised his hand toward Plaintiff and Jeron in a "stop" motion, and that one of Plaintiff or Jeron slapped his hand away. Plaintiff denies that anyone slapped Defendant's hand and asserts that Defendant pushed him without Plaintiff touching Defendant first.

47.    Plaintiff asserts that Defendant and Deputy Hart successfully handcuffed Ms. Perkins despite Plaintiff's presence and active recording. Defendant denies that assertion as written.

48. Defendant asserts that his actions were appropriate and reasonable in light of his training and the circumstances with which he was confronted. Plaintiff denies that assertion.

49. Plaintiff asserts that Defendant used his body to block him from recording part of the incident. Defendant denies that the purpose of his position was to block Plaintiff from recording but instead to restrict Plaintiff's interference.

50. Plaintiff asserts that he is entitled to compensatory damages, as well as punitive damages under 42 U.S.C. § 1983 because Defendant exhibited reckless or callous indifference to his federally protected rights. Plaintiff also asserts that he is entitled to attorneys' fees under 42 U.S.C. § 1983. Defendant contends that he is not liable to Plaintiff for any alleged damages.

## IX.    CONTESTED ISSUES OF LAW

51. The Parties contest the following issues of law:

52. Whether Defendant's actions were an unlawful violation of Plaintiff's First Amendment rights.

53. Whether Defendant is entitled to qualified immunity.

54. Whether a claim for intentional infliction of emotional distress remains a part of this action, and, if so, whether Defendant is liable for intentional infliction of emotional distress.

## X.    EXHIBITS[5]

### A.    Plaintiff's Exhibits

55. On March 30, 2022, the parties submitted a Proposed Joint Pre-Trial Order (R. Doc. 57), which included "Plaintiff's Amended Trial Exhibit List"—an amended version of the list that Plaintiff filed on January 6, 2022 (R. Doc. 32), which, pursuant to the September 30, 2021 Scheduling Order (R. Doc. 25), was filed while fact discovery was ongoing.

---

[5] The parties are working to prepare a list of stipulated exhibits for pre-admission to the court in advance of trial. This list is not yet complete.

56.     Given the subsequent dismissal of certain parties and causes of action, Plaintiff hereby provides "Plaintiff's Second Amended Trial Exhibit List," which identifies the documents and files that he intends to introduce at trial, including exhibits potentially used for purposes of impeachment.

| PLF. NO. | DEF. NO. | OBJECTIONS | MARKED | ADMITTED | DESCRIPTION | BATES NUMBER |
|---|---|---|---|---|---|---|
| 1 | | | | | Kyle Hart's Responses to Plaintiff's First Set of Requests for Admission, December 7, 2021 | |
| 2 | | | | | Ryan Moring's Responses to Plaintiff's First Set of Requests for Admission, December 7, 2021 | |
| 3 | | | | | Recording of call to 911 by Plaintiff | TCP00000001 |
| 4 | | | | | Arrest Packet, Item No. 2020-003884 | STPSO_PERKINS_001451 |
| 5 | | | | | Compiled records of Plaintiff's arrest | STPSO_PERKINS_000059 |
| 6 | | | | | LA Peace Officer Report for Ryan Moring | TCP00000223 |
| 7 | | | | | LA Peace Officer Training Report for Ryan Moring | TCP00000225 |
| 8 | | | | | St. Tammany Parish Sheriff's Office Employee Handbook | STPSO_PERKINS_000231 |

| PLF. NO. | DEF. NO. | OBJECTIONS | MARKED | ADMITTED | DESCRIPTION | BATES NUMBER |
|---|---|---|---|---|---|---|
| 9 | | Defendant objects on basis of relevance | | | State Farm temporary auto identification card for Teliah Perkins | TCP00000098 |
| 10 | | Defendants object on basis of relevance, authenticity and timeliness of production. | | | Set of Patient Referral forms for D.J. from Children's International Medical Group | TCP00000065 - 68 |
| 11 | | Defendant objects on basis of relevance, authenticity and timeliness of production. | | | Business records certification from Children's International Medical Group | |
| 12 | | Defendants object on basis of relevance, authenticity and/or timeliness of production. | | | Video of a member of the St. Tammany Parish Sheriff's Office on Jay Street | TCP00000422 |
| 13 | | Defendants object on basis of relevance, authenticity and/or timeliness of production | | | D.J.'s medical records from Abundant Health, Inc. | TCP001825 |
| 14 | | Defendant objects on basis of relevance, authenticity and timeliness of production. | | | Business records certification from Abundant Health, Inc. | |
| 15 | | Defendants object on the basis of authenticity, relevancy and/or timeliness of production | | | Recording of May 5, 2020 incident taken by Zina Fernandez | TCP00000236 |

13

| PLF. NO. | DEF. NO. | OBJECTIONS | MARKED | ADMITTED | DESCRIPTION | BATES NUMBER |
|---|---|---|---|---|---|---|
| 16 | | Defendants object on the basis of authenticity. | | | Recording of May 5, 2020 incident taken by Plaintiff | TCP00000235 |
| 17 | | Defendants object on the basis of authenticity. | | | Recording of May 5, 2020 incident by Jeron Perkins | TCP00000234 |
| 18 | | Defendant objects on basis of relevance, authenticity and timeliness of production. | | | Declaration of Jeron Perkins, dated February 13, 2022 | |
| 19 | | Defendants object on the basis that Defendant will testify at trial, and any prior statements are inadmissible unless offered for impeachment. | | | Audio recording of Maj. Michael Ripoll's interview of Deputy Hart on June 25, 2020 | STPSO_PERKINS_000226 |
| 20 | | Defendants object on the basis that Defendant will testify at trial, and any prior statements are inadmissible unless offered for impeachment | | | Audio recording of Maj. Michael Ripoll's interview of Deputy Moring on June 25, 2020 | STPSO_PERKINS_000229 |
| 21 | | Defendants object to the entire policy and procedure manual on basis of ambiguity and relevance | | | St. Tammany Parish Sheriff's Office Policies and Procedures Manual | STPSO_PERKINS_000287 |

| PLF. NO. | DEF. NO. | OBJECTIONS | MARKED | ADMITTED | DESCRIPTION | BATES NUMBER |
|---|---|---|---|---|---|---|
| 22 | | Defendants on basis of relevance | | | Training Report for Ryan Moring | STPSO_PERKINS_001378 |
| 23 | | | | | Transcript of Ryan Moring Deposition (for impeachment) | |
| 24 | | | | | Transcript of Kyle Hart Deposition (for impeachment) | |
| 25 | | | | | Transcript of Michael Ripoll Deposition (for impeachment) | |
| 26 | | | | | Transcript of St. Tammany Parish Sheriff's Office 30(b)(6) Deposition (for impeachment) | |
| 27 | | | | | Transcript of Erin Wright Deposition (for impeachment) | |

57.    Defendants have not received a complete copy of all of the Plaintiffs proposed exhibits, and thus Defendants wish to reserve their rights to make any additional objections as to all of the Plaintiffs' exhibits until such time as they have had an opportunity to review same.

**B.    Defendants' Exhibits**

58.    This, Defendants' Amended Trial Exhibit List, is an amended version of the list that Defendants filed on January 6, 2022 (R. Doc. 33), which, pursuant to the September 30, 2021 Scheduling Order (R. Doc. 25), was filed while fact discovery was ongoing.

59.     Defendants hereby identify the documents and files that they intend to introduce at trial, including exhibits potentially used for purposes of impeachment.

a.  CAD Event #2020-066594 (5-2-2020) [TCP00000006];

**Plaintiff objects on the basis of hearsay, hearsay-within-hearsay, relevance.**

b.  STPSO Complaint Arrest Affidavit sworn by Kyle Hart and produced documents to PRR #R002916-102920  [STPSO_Perkins_000039-000042];

**Plaintiff objects on the basis of hearsay, hearsay-within-hearsay.**

c.  Complaint Arrest Affidavit and RMS Report [STPSO_Perkins_000059-000067];

**Plaintiff objects on the basis of hearsay, hearsay-within-hearsay.**

d.  Photographs: Hart Injuries # 1-7 [STPSO_Perkins_000001-000007];

**Plaintiff objects on the basis of authenticity, unfair prejudice, confusing the issues, misleading the jury, relevance.**

e.  Audio: K Hart Statement 06-25-20 [STPSO_Perkins_000226];

**Plaintiff objects on the basis of hearsay.**

f.  Audio: K Hart Statement Addition 06-25-20 [STPSO_Perkins_000227];

**Plaintiff objects on the basis of hearsay, unfair prejudice, confusing the issues, misleading the jury, relevance.**

g.  Audio: Neighbor Witness (Erin Wright) Call 06-23-20 [STPSO_Perkins_000228];

**Plaintiff objects on the basis of hearsay, unfair prejudice, confusing the issues, misleading the jury, relevance.**

h.  Audio: R Moring Statement 06-23-20 [STPSO_Perkins_000229];

**Plaintiff objects on the basis of hearsay.**

i.  Audio: Teliah Perkins Complaint 06-16-20 [STPSO_Perkins_000230];

**Plaintiff objects on the basis of hearsay.**

j.   STPSO IA Records [STPSO_Perkins_000043-000058];

**Plaintiff objects on the basis of hearsay, unfair prejudice, confusing the issues, misleading the jury, relevance, and for the reasons stated in Plaintiff's March 30, 2022, Motion in Limine (R. Doc. 58).**

k.   Video 1 of Plaintiff's arrest [STPSO_Perkins_000224];

l.   Excerpt of video of Plaintiff's arrest (taken by neighbor) [TCP00000236];

m.  Perkins Trial Minutes from this July 26, 2021 [STPSO_Perkins_00068-00070];

**Plaintiff objects on the basis of unfair prejudice, confusing the issues, misleading the jury, relevance.**

n.   Event History Details, Event No. 2020-067884 [TCP00000004-00000005];

**Plaintiff objects on the basis of hearsay, hearsay-within-hearsay.**

o.   STPSO Use of Force – Procedures [TCP00000423 – 00000427];

**Plaintiff objects on the basis of relevance.**

p.   STPSO Arrest Authority – Procedures [TCP00000428 – 00000442];

**Plaintiff objects on the basis of relevance.**

q.   Ms. Perkins cell phone screenshot [TCP00000062];

r.   LA Peace Officer Training Report – Ryan Moring [TCP00000225 – 00000233];

s.   Expert Report of John J. Ryan, dated January 27, 2022.

**Plaintiff objects on the basis of hearsay, relevance.**

t.   Plaintiffs' responses to discovery and all attachments thereto;

**Plaintiff objects on the basis that this entry does not comply with ¶10 of the Pre-Trial Notice (R. Doc. 25-1) because it does not give Plaintiff enough detail to make evidentiary objections.**

u.  Any exhibit listed by any other party;

**Plaintiff objects on the basis that this entry does not comply with ¶10 of the Pre-Trial Notice (R. Doc. 25-1) because it does not give Plaintiff enough detail to make evidentiary objections.**

v.  All exhibits necessary for impeachment and/or rebuttal purposes;

**Plaintiff objects on the basis that this entry does not comply with ¶10 of the Pre-Trial Notice (R. Doc. 25-1) because it does not give Plaintiff enough detail to make evidentiary objections.**

w.  Depositions admissible under the Federal Rules of Civil Procedure and/or the Code of Evidence, including for impeachment, as well as any and all records, documents or exhibits produced in connection with such deposition(s) in the course of this litigation;

**Plaintiff objects on the basis that this entry does not comply with ¶10 of the Pre-Trial Notice (R. Doc. 25-1) because it does not give Plaintiff enough detail to make evidentiary objections.**

x.  The curriculum vitae, report, records, and documents reviewed by any expert retained for this matter;

**Plaintiff objects on the basis that this entry does not comply with ¶10 of the Pre-Trial Notice (R. Doc. 25-1) because it does not give Plaintiff enough detail to make evidentiary objections.**

y.  The entire record of this proceeding, and all pleadings filed therein.

**Plaintiff objects on the basis that this entry does not comply with ¶10 of the Pre-Trial Notice (R. Doc. 25-1) because it does not give Plaintiff enough detail to make evidentiary objections.**

60.    Plaintiff has not received a complete copy of all of the Defendants' proposed exhibits, and thus Plaintiff reserves her rights to make any additional objections as to all of the Defendants' exhibits until such time as she has had an opportunity to review same.

## XI.    DEPOSITION DESIGNATIONS

61.    The Parties do not anticipate using deposition testimony at trial, except for purposes of impeachment.

## XII.    DEMONSTRATIVES

### A.    Plaintiff's Demonstratives

62.    Plaintiff may use demonstratives that are enlarged still images taken from the recordings of Defendants' arrest of Ms. Perkins, produced at TCP00000235 and TCP00000234.

63.    Defendant objects to any still photographs taken from any videos due to the fact that the video themselves are the best evidence and still photographs from videos are highly prejudicial due to the selective nature of one moment in time without the full context of the entire videos.

64.    Plaintiff may also use demonstratives that enlarge maps or images from GoogleMaps that depict the scene of the incident. Defendant objects to the extent that such maps and images have not yet been produced, authenticated, or are otherwise irrelevant. Defendant reserves the right to assert other objections after receipt.

### B.    Defendant's Demonstratives

65.    Defendant may use demonstratives that enlarge excerpts from the expert report of John J. Ryan, dated January 27, 2022.

66.     Plaintiff objects to the use of any excerpts from the expert report of John J. Ryan, given that the report is inadmissible hearsay.

## XIII.    WITNESSES

### A.     Plaintiff's Witnesses

67.     Plaintiff's witness list was filed in accordance with the Federal Rules of Civil Procedure and all prior court orders. Plaintiff hereby certifies that she has furnished the report of her expert witness to Defendant in accordance with the Federal Rules of Civil Procedure and all prior court orders.

68.     Plaintiff hereby identifies the following witnesses he expects to call to testify at trial. This, Plaintiff's Witness List, is an amended version of the list that Plaintiff filed on January 6, 2022 (R. Doc. 31) which, pursuant to the September 30, 2021 Scheduling Order (R. Doc. 25), was filed while fact discovery was ongoing, and is a further amended version of the list that was filed in the parties' prior pre-trial order.

| NAME | ADDRESS | SUBJECT OF TESTIMONY | WILL/MAY CALL |
|---|---|---|---|
| Teliah C. Perkins | 3162 Terrace Ave., Slidell, LA 70458 | May 5, 2020 incident and Plaintiff's recording of the incident. | Will |
| De'Shaun G. Johnson | 3162 Terrace Ave., Slidell, LA 70458 | May 5, 2020 incident and Plaintiff's recording of the incident. | Will |
| Jeron Perkins | 2200 Northbrook Dr. Gretna, LA 70056 | May 5, 2020 incident and Plaintiff's recording of the incident. | Will |
| Kyle Hart | 701 N Columbia St, Covington, LA 70433 | May 5, 2020 incident and Plaintiff's recording of the incident. | Will |

20

| NAME | ADDRESS | SUBJECT OF TESTIMONY | WILL/MAY CALL |
|---|---|---|---|
| Ryan Moring | 701 N Columbia St, Covington, LA 70433 | May 5, 2020 incident and Plaintiff's recording of the incident. | Will |
| Roger Clark | 10207 Molino Road, Santee, CA 92071 | Expert opinions concerning Plaintiff's recording of the incident. | Will |
| Zina Fernandez | 2009 Oriole St., Slidell, LA 70460 | May 5, 2020 incident and Plaintiff's recording of the incident. | May |
| Witnesses necessary to authenticate evidence or to certify business records | | | May |

69.     Plaintiff reserves the right to call the witnesses in any order, not to call witnesses listed above, to supplement this witness list, to call or recall any witness on Defendant's witness list, and to call or recall additional rebuttal or impeaching witnesses not identified above.

**B.      Defendants' Witnesses**

70.     Defendant's witness list was filed in accordance with the Federal Rules of Civil Procedure and all prior court orders. Defendant's Amended Trial Witness List is an amended version of the list that Defendant filed on January 6, 2022 (R. Doc.33) which, pursuant to the September 30, 2021, Scheduling Order (R. Doc. 25), was filed while fact discovery was ongoing.

71.     Defendant reserves the right to call the witnesses in any order, not to call witnesses listed above, to supplement this witness list, to call or recall any witness on Plaintiff's witness list, and to call or recall additional rebuttal or impeaching witnesses not identified above.

**DEFENDANT WILL CALL THE FOLLOWING WITNESSES:**

1.  De'Shaun G. Johnson
    3162 Terrace Ave., Slidell, LA 70458
    Arrest of Teliah C. Perkins on May 5, 2020

2. Teliah C. Perkins
   2018 Jay Street, Slidell, LA 70460
   Arrest of Teliah C. Perkins on May 5, 2020 and resulting damages and injuries

3. Defendant, Ryan Moring
   St. Tammany Parish Sheriff's Office
   701 N Columbia St, Covington, LA 70433
   Arrest of Teliah C. Perkins on May 5, 2020

4. Kyle Hart
   St. Tammany Parish Sheriff's Office
   701 N Columbia St, Covington, LA 70433
   Arrest of Teliah C. Perkins on May 5, 2020

5. John J. Ryan
   Defendants' Expert regarding use of force and policies and procedures in law enforcement

**DEFENDANT MAY CALL THE FOLLOWING WITNESSES:**

1. Jeron Perkins
   2200 Northbrook Dr., Gretna, LA 70056
   Arrest of Teliah C. Perkins on May 5, 2020

2. Ryan Impastato
   St. Tammany Parish Sheriff's Office
   701 N Columbia St, Covington, LA 70433
   Arrest of Teliah C. Perkins on May 5, 2020

6. Benjamin Rushing
   St. Tammany Parish Sheriff's Office
   701 N. Columbia St, Covington, LA 70433
   Arrest of Teliah C. Perkins on May 5, 2020

7. Erin Wright
   616 Timberwood Loop, Madisonville, LA 70447
   Arrest of Teliah C. Perkins on May 5, 2020

8. Michael Ripoll
   St. Tammany Parish Sheriff's Office
   702 N. Columbia St, Covington, LA 70433
   Internal Affairs Investigation concerning the Arrest of Teliah C. Perkins on May 5, 2020

3. Trinity Graves, as representative of the STPSO

22

St. Tammany Parish Sheriff's Office
701 N Columbia St, Covington, LA 70433
St. Tammany Parish Sheriff's Office policies, procedures, and training as applied during the arrest of Teliah C. Perkins on May 5, 2020

4. A representative and/or custodian of records for the St. Tammany Parish Sheriff's Office;

5. Plaintiff's treating physicians and providers (or representatives thereof), both before, during, and after the incident;

6. A representative and/or custodian of records for any hospital, clinic, pharmacy or other facility at which or from which Plaintiff received any form of treatment;

7. Any witness necessary to authenticate any document and/or exhibit offered into evidence;

8. Any witness identified in any discovery responses or documents produced or obtained in discovery;

9. Any witness or expert listed by any other party.

72. For the reasons discussed in the prior Motion in Limine, Plaintiff objects on the basis of competence, relevance, and undue prejudice to Defendant calling Michael Ripoll as a fact witness and to any testimony concerning Mr. Ripoll's Internal Affairs investigation.

73. Plaintiff objects to the expert testimony of John J. Ryan, since the expert opinions he disclosed under Rule 26 were limited to use of force issues that are not part of the trial of Plaintiff's remaining claims.

74. Plaintiff further objects on the basis of competence, relevance, and undue prejudice to Defendant calling Ryan Impastato, Benjamin Rushing, Erin Wright, Trinity Graves, and Michael Ripoll as fact witnesses. Although those witnesses may have been appropriate for the trial of claims originally brought, they are unlikely to provide relevant testimony for the claim(s) now going to trial.

23

## XIV.  TRIAL

75.     The trial will be a jury trial. Proposed jury instructions, special jury interrogatories, and voir dire shall be electronically filed with the Court not later than **five** working days prior to the trial date.

## XV.    THE ISSUE OF LIABILITY

76.     The issue of liability will not be tried separate from that of quantum.

## XVI.   OTHER MATTERS

77.     The Parties are unaware of any other matters that might expedite a disposition of the case.

## XVII.  ESTIMATE OF TRIAL

78.     The jury trial shall commence on April 29, 2024 at 9:00 a.m. The Parties estimate that the jury trial will take 3 days or less.

## XVIII. PRE-TRIAL CONFERENCE STATEMENT

79.     This amended joint pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

## XIX.   SETTLEMENT

80.     The Parties have discussed the possibility of settlement and continue to do so.

Dated: April 5, 2024

Respectfully submitted,

/s/ Keith Y. Cohan
E. Bridget Wheeler
bwheeler@laaclu.org
LA. Bar No. 37546
Nora Ahmed (*pro hac vice*)
nahmed@laaclu.org
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St., Suite 2160
New Orleans, Louisiana 70112
Telephone: (504) 522-0628

Keith Y. Cohan (*pro hac vice*)
Ryan M. Goldstein (*pro hac vice*)
Emma Culotta (*pro hac vice*)
Sean D. Johnson (*pro hac vice*)
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel.: 512.647.6100
kcohan@reidcollins.com
rgoldstein@reidcollins.com
eculotta@reidcollins.com
sjohnson@reidcollins.com

*Counsel for Plaintiff*

/s/ Andrew R. Capitelli
Andrew R. Capitelli #31649
Sarah A. Fisher #39881
MILLING BENSON WOODARD LLP
68031 Capital Trace Row
Mandeville, LA 70471
Telephone: (985) 292-2000
Facsimile: (985) 292-2001
acapitelli@millinglaw.com
sfisher@millinglaw.com

*Counsel for Defendant*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on April 5, 2024 by using the CM/ECF system, which system will send notice of electronic filing to appearing parties in accordance with the procedures established.

*/s/ Keith Y. Cohan*
Keith Y. Cohan

26