UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TELIAH C. PERKINS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-879 |
| KYLE HART, ET AL. | * | SECTION "D" (2) |

## REPORT AND RECOMMENDATION

Pending before me are Plaintiff De'Shaun Johnson's Motion to Tax Costs in the amount of $10,728.70 and Motion for Attorneys' Fees in the amount of $130,250 as well as Defendant Ryan Moring's Motion for Taxation of Costs in the amount of $22,562.34 and Motion for Attorneys' Fees in the amount of $195,300.00. ECF Nos. 133, 134, 135, 136. The parties timely filed Opposition and Reply Memoranda. ECF Nos. 142-147, 151, 152. No party requested oral argument under Local Rule 78.1, and the court agrees that oral argument is unnecessary.

By Order dated June 3, 2024, Judge Wendy Vitter referred the motions to the undersigned for findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 138. Having considered the record, the submissions and arguments of counsel, and the applicable law,

**IT IS RECOMMENDED** that (1) Plaintiff's Motion to Tax Costs be **GRANTED**, he be declared the prevailing party for purposes of Rule 54(d), and that he be awarded costs in an amount to be determined by the Clerk of Court in accordance with Local Rules 54.3 and 54.3.1; (2) Plaintiff's Motion for Attorneys' Fees be **DENIED**; (3) Defendant's Motion for Taxation of Costs be **DENIED**; and (4) Defendant's Motion for Attorneys' Fees be **DENIED**, all for the reasons stated herein.

## I.    BACKGROUND

Plaintiffs Teliah C. Perkins and her son De'Shaun Johnson filed suit against two St. Tammany Parish Sheriff's deputies after an incident on May 5, 2020. ECF No. 1.

1

Plaintiffs' Complaint alleged that two St. Tammany Parish Sheriff's arrested Perkins after responding to a complaint that a person was riding a "dirt bike" without a helmet. When they requested that Perkins provide her driver's license, registration, and proof of insurance, she asked whether the inquiry was racially motivated, to which Deputy Hart responded, "Shut the f—up! This call ain't f—ing about race!" Plaintiff Perkins contends that she called for her son (Plaintiff Johnson) and nephew to come out from the house to the driveway and record the interaction with their cell phones, at which time Defendants instructed Plaintiff Johnson and his cousin to return to the porch. After Plaintiff told her son and nephew that they did not need to go to the porch, Deputy Hart declared, "'that's it, right now you're being placed under arrest,' and stormed up the driveway" to handcuff Plaintiff Perkins. Plaintiff Perkins contends that the Defendants violently seized her by her arms, forced her to the ground, leaned on her back and neck with their knees and elbows, pulled her hair, and forced her face against the driveway while wrenching her arms behind her back. *Id.* at 1-3. Defendants asserted that Plaintiff Johnson resisted arrest. ECF No. 34-3 at 4-6.

While Plaintiff Johnson filmed Defendants' arrest of his mother, Deputy Moring stood up and moved directly between him and his mother, blocking the camera, and instructed him to stop filming, eventually drawing and pointing his service taser at Plaintiff Johnson, who then stopped filming. Plaintiff Perkins alleged that Deputy Hart pinned her face-first into the pavement, pressed his forearm against her throat, then wrapped his hand around her neck and leaned on it, causing her to gasp, "you're choking me." ECF No. 1 at 2. Deputy Hart lifted Plaintiff Perkins to her feet, placed her in the patrol car, and had her motorcycle seized, towed away, and impounded, requiring her to pay $204 for the eventual release of the motorcycle. *Id.* at 11-12.

Plaintiff Perkins alleged violations of § 1983 based on false arrest, excessive force, and unlawful seizure, as well as state law claims of false imprisonment, malicious prosecution, and intentional and negligent infliction of emotional distress. *Id.* at 16-19, 22-27. Plaintiff Johnson alleged excessive force and First Amendment retaliation in violation of § 1983 claims as well as state law claims of false arrest, excessive force/battery, intentional infliction of emotional distress and negligent infliction of emotional distress. *Id.* at 19-22, 24, 27-28.By Order dated July 26, 2022, Judge Wendy Vitter granted in part and denied in part Defendants' motion for summary judgment on the issue of qualified immunity. ECF No. 70.

On interlocutory appeal, the Fifth Circuit dismissed in part, reversed and rendered in part, and remanded for further proceedings. *Perkins v. Hart*, No. 22-30456, 2023 WL 8274477, at *1 (5th Cir. Nov. 30, 2023). The Fifth Circuit concluded that both deputies were entitled to summary judgment based on qualified immunity on Plaintiff Perkins' excessive force claim, finding that the video conclusively demonstrated that neither deputy employed excessive force to subdue her when she resisted arrest. *Id*. at *5-*6. Likewise, the court found that Plaintiff Johnson's excessive force claim failed because there was no seizure from which that claim could stem. But the Fifth Circuit agreed with the district court that Plaintiff Johnson's filming of the arrest was a clearly established, constitutionally protected activity that overcomes Defendant Moring's qualified immunity defense. *Id.* at *8.

Plaintiff Johnson's First Amendment § 1983 claim and his state law tort claim for intentional infliction of emotional distress proceeded to trial before a jury on April 29, 2024 through May 1, 2024. ECF Nos. 123-126. The jury returned a verdict in favor of Defendant Moring on the § 1983 claim, finding no First Amendment retaliation, but rendered a verdict in favor of Plaintiff Johnson, finding that Defendant Moring intentionally inflicted emotional distress

on him.  ECF No. 128 at 1, 3.  The jury awarded $185,000 in compensatory damages.  *Id.* at 4.

Both parties now seek costs and attorneys' fees as the "prevailing party" under Rule 54 and 42

U.S.C. § 1988.

## II.    **THE PENDING MOTIONS**

Both parties have moved for an award of attorneys' fees under 42 U.S.C. § 1988.  ECF

Nos. 134, 135.  In addition to seeking attorneys' fees as the prevailing parties, both parties seek

costs as the prevailing party.  ECF Nos. 133, 136.

Before addressing the motions, however, the court must note that Defendant Moring's

suggestion throughout the briefing that he was successful on fourteen of the fifteen claims against

him is somewhat misleading in this context.  The fifteen claim total combines the claims of both

Plaintiff Perkins and Plaintiff Johnson.  Defendant Mooring seeks costs and attorneys' fees against

only Plaintiff Johnson; he has not filed a motion for attorneys' fees or costs against Plaintiff

Perkins.  *See* ECF No. 133, 134.  For that reason, consideration of Plaintiff Perkins' claims is

inappropriate.  In determining prevailing party status, the proper focus is only on the claims

asserted by Plaintiff Johnson against Defendant Moring:  two § 1983 claims (excessive force and

First Amendment retaliation) and four state law claims (excessive force/battery, assault, intentional

infliction of emotional distress and negligent infliction of emotional distress).  Plaintiff Perkins'

claims would only be relevant had Defendant Moring filed a motion to tax costs or for attorneys'

fees against her, which he did not.

### A.  **Plaintiff's Motion for Attorneys' Fees**

Citing Rule 54(d)(2)(B), Plaintiff seeks to recover attorneys' fees as costs a prevailing party

under § 1988 because he prevailed on his supplemental state law claim even though he did not

prevail on his § 1983 claim.  ECF No. 135-1 at 1, 3-4.  Plaintiff argues that Fifth Circuit precedent

4

establishes that a plaintiff who is successful on only some, but not all, claims is still entitled to attorneys' fees under § 1988 as the prevailing party, even when he succeeds on only the pendent state law claim, provided that the federal civil rights claim was substantial enough to support federal question jurisdiction and the claims arise out of the same facts. *Id.* at 4-6. Invoking the lodestar, Plaintiff seeks $130,250 in attorneys' fees. *Id.* at 6-13.

In Opposition, Defendant Moring argues that Plaintiff's limited success does not justify an award of attorneys' fees, even if he were characterized as a prevailing party. ECF No. 145 at 3-5. He also argues that the fee request is not reasonable. *Id.* at 6-7.

In Reply, Plaintiff reiterates his prior arguments and distinguishes *Farrar*. ECF No. 146 at 2-5. He also argues that the fees were reasonable. *Id.* at 5-6.

### B. **Defendant's Motion for Attorneys' Fees**

Defendant Ryan Moring seeks an award of $195,300 in attorneys' fees as the prevailing defendant under § 1988, arguing that Plaintiff's § 1983 claim was frivolous, unreasonable or groundless. ECF No. 134; No. 134-1 at 4-6. Moring argues that Plaintiff Johnson and his mother asserted an "exorbitant" list of claims, only two of which survived for trial: Plaintiff Johnson's § 1983 first amendment retaliation claim and state law intentional infliction of emotional distress claim. ECF No. 134-1 at 2-3. Based on the Fifth Circuit decision reversing Judge Vitter's denial of qualified immunity in this case and the jury verdict, Defendant Moring contends that he is the prevailing party because he won all five of the constitutional claims and nine of the ten state law claims brought against him by Plaintiff and his mother Plaintiff Perkins. *Id.* at 3-4. Defendant argues that the court need not find bad faith to award fees to a prevailing defendant nor must the defendant prevail on every issue, and because Plaintiff did not materially alter the legal relationship between the parties, a fee award is proper. *Id.* at 5-6. Using the lodestar, Defendant argues an

5

award of $195,300 or 87% of costs incurred would be proper and asks that he be allowed to submit contemporaneous billing records under seal or in redacted form. *Id.* at 7-10.

In Opposition, Plaintiff Johnson argues that his $185,000 jury verdict demonstrates that his claims were not frivolous, unreasonable, or without foundation. ECF No. 143 at 1. Plaintiff cites to Judge Vitter's forty-two-page decision denying summary judgment which, while the Fifth Circuit reversed in large part, demonstrates that the claims were not frivolous, unreasonable or without foundation. *Id.* at 2. Plaintiff also notes that no defendant filed a Rule 12(b)(6) motion in response to the Complaint, participated in discovery, and then filed a motion for summary judgment based on qualified immunity, which the district court denied. *Id.* at 3-4, 6-7. Plaintiff also objects to Defendant Moring's fee request due to his failure to provide any support for the request, contrary to the requirements of this Court's Local Rules. *Id.* at 2-3, 8-9.

In Reply, Defendant Moring reiterates his prior arguments. ECF No, 151. He again notes that he prevailed on fourteen of the fifteen claims asserted in this case and suggests that any reduction should not exceed 7% given his success on the fourteen claims. *Id.* at 2-3, 4. Defendant also argues his motion is not defective as he includes a request to submit his support under seal. *Id.* at 4-5.

### C. Plaintiff's Motion For Costs

Plaintiff argues that the $185,000 judgment in his favor establishes that he is the prevailing party for purposes of Rule 54. ECF No. 136-1 at 2-3. Plaintiff then outlines the costs sought, in the amount of $10,728.20. *Id.* at 3-7.

In Opposition, Defendant Moring cites the fifteen claims asserted by both Plaintiff Perkins and Plaintiff Johnson and argues that he, not Plaintiff, is the prevailing party because he was vindicated on fourteen of the fifteen claims. ECF No. 144 at 2-3. Alternatively, he argues that

any cost award should be reduced by 93% because the costs relates to all claims including the fourteen claims on which Defendant prevailed. *Id.* at 3.

In Reply, Plaintiff repeats his argument that he is the prevailing party in light of the $185,000 judgment. ECF No. 147 at 1-2. He also argues that a 93% reduction is improper insofar as Rule 54 allows recovery of all costs in favor of a party who obtains judicially sanctioned relief. *Id.* at 2-3. Plaintiff also argues that the costs were not incrementally increased by the joinder of numerous claims arising from the same operative facts. *Id.* at 3.

**D.  Defendant's Motion For Costs**

Defendant Moring seeks costs of $22,562.34 against Plaintiff Johnson. ECF No. 133. He argues that his success on fourteen of the fifteen claims asserted against him establishes that he is the prevailing party and justifies the award of costs against Plaintiff Johnson. ECF No. 133-1 at 2-4. Alternatively, he requests 87% of the costs commensurate with the dismissal of thirteen claims before trial. *Id.* at 5.

In Opposition, Plaintiff argues that Defendant fails to provide any support for the notion that he is the prevailing party in light of Plaintiff's substantial jury award, arguing that Plaintiff, not Defendant, is the prevailing party. ECF No. 142 at 1, 3-4. Plaintiff argues that Defendant cites no support for the notion that a reduction in costs is proper when a plaintiff is only partially successful. *Id.* at 4-5. He also argues that Defendant's failure to support the costs renders his request insufficient, and the costs sought are improper. *Id.* at 2, 5-7.

In Reply, Defendant Moring again argues that the dismissal of fourteen of the fifteen claims asserted against him qualifies him as the prevailing party and that reduction of a cost award for a plaintiff who achieves only limited success is proper. ECF No. 152 at 2-3. Defendant also argues that the costs sought are proper and compliant with the Local Rules. *Id.* at 3-5.

III.    **APPLICABLE LAW AND ANALYSIS**

The standard for determining whether a party is the "prevailing party" for purposes of Rule 54(d) differs somewhat from the standard for determining "prevailing party" status for purposes of 42 U.S.C. § 1988.[1]   And determining which party should be awarded costs is relatively straightforward when either the plaintiff or defendant prevails entirely.   However, the analysis becomes more complicated in mixed-result situations where each party is partially successful.

A.   **Rule 54(d)**

Rule 54 of the Federal Rules of Civil Procedure provides that the Court may award costs, other than attorneys' fees, to the prevailing party unless a federal statute, the federal rules, or a court order provides otherwise.   FED. R. CIV. P. 54(d)(1).   The term "costs" as used in Rule 54(d) are those set forth in 28 U.S.C. § 1920:[2]

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; [and]
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The court may not award costs omitted from § 1920's list.[3]

---

[1] *Lewis v. NLRB*, 750 F.2d 1266, 1279 (5th Cir. 1985) (holding that the more stringent *Christiansburg* standard, which is used to determine whether a defendant is a prevailing party for the purpose of awarding attorneys' fees under Title VII, does not apply to an award of costs); *see also Pacheco v. Mineta*, 448 F.3d 783, 794 n.19 (5th Cir. 2006).

[2] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

[3] *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quoting *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)).

### 1. The Court Has Discretion in Assessing Costs under Rule 54(d)

Although an award of costs is within the discretion of the trial court,[4] there is a strong presumption that the court will award costs to the prevailing party.[5] "[T]he language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption . . . [since] denial of costs . . . is in the nature of a penalty for some defection on his part in the course of the litigation."[6]  Therefore, before denying or reducing a prevailing party's costs award, the court must first articulate good reason for doing so.[7]

In *Pacheco v. Mineta*, citing WRIGHT & MILLER, the Fifth Circuit noted that a wide range of reasons have been invoked to justify withholding costs from the prevailing party, such as when the losing party was in good faith and the losing party can demonstrate (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.[8]  But the Fifth Circuit has expressly held that the losing party's good faith alone is an insufficient basis to deny costs to the prevailing party.[9]  Likewise, the losing party's

---

[4] *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (stating that "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."); *see also Studiengesellschaft Kohle mBH v. Eastman Kodak Co*., 713 F.2d 128, 131 (5th Cir. 1983); *First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans*, 891 F. Supp. 290, 300–01 (E.D. La. 1995), *amended*, 896 F. Supp. 634 (E.D. La. 1995), *aff'd*, 85 F.3d 622 (5th Cir. 1996) (citation omitted).

[5] *U.S. ex rel. Long v. GSDMIdea City, L.L.C*., 807 F.3d 125, 128 (5th Cir. 2015) (citations omitted); *Pacheco*, 448 F.3d at 793.

[6] *Walters v. Roadway Exp., Inc*., 557 F.2d 521, 526 (5th Cir. 1977) (citing *Popeil Brothers v. Schick Electric, Inc*., 516 F.2d 772, 775 (7th Cir. 1975)).

[7] *Pacheco*, 448 F.3d at 793 (citing *Schwarz*, 767 F.2d at 131 (citation omitted); *cf. Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n.14 (1981) (assuming that costs are denied to the prevailing party "only when there would be an element of injustice in a cost award")).

[8] *Id.* at 794 (cleaned up) (quoting 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998)); *see also Wade v. Peterson*, 416 F. App'x 354, 356 (5th Cir. 2011).

[9] *Pacheco*, 448 F.3d. at 795; *see also Moore v. CITGO Ref. & Chem. Co., L.P*., 735 F.3d 309, 320 (5th Cir. 2013).

financial hardship, without more, is not a sufficient reason to deny costs under Rule 54(d).[10] Further, denial of costs may not be appropriate even when the above factors are met.[11]

### 2. Determining Who is the Prevailing Party

The determination of prevailing party status is a "practical matter."[12]  To qualify as the prevailing party, that party must "succeed on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit"[13] or have achieved "some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties."[14] A party need not, however, prevail on every issue to qualify as a "prevailing party."[15]

### a.   Plaintiff

A plaintiff is generally considered to be the "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."[16]  Stated differently, a plaintiff "prevails" when the relief obtained on the claim's merits materially alters the legal relationship between the parties by modifying defendant's behavior in a way that directly benefits the plaintiff.[17]  An enforceable judgment on the merits that benefits the

---

[10] *Smith v. Chrysler Grp., LLC*, 909 F.3d 744, 753 (5th Cir. 2018); *see also Hawkins v. City of Lexington*, No. 21-60838, 2022 WL 671452, at 1 (5th Cir. Mar. 7, 2022) (citations omitted).

[11] *See Mercer v. Patterson-UTI Drilling Co*., 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam) (noting the court had not decided whether any of the five factors depicted in *Pacheco* present a sufficient reason to deny costs (quoting *Pacheco*, 448 F.3d at 794 n.18)).

[12] *First Commonwealth Corp.*, 891 F. Supp. at 301(quoting *Minerais U.S. Inc. v. M/V Moslavina*, 849 F. Supp. 467, 479 (E.D. La. 1994) (Sear, C.J.), *rev'd on other grounds*, 46 F.3d 501 (5th Cir. 1995) (citing *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985))).

[13] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted).

[14] *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)); *see also Veasey v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021) (quoting *Petteway*, 738 F.3d at 137 (citing *Buckhannon*, 532 U.S. at 604)).

[15] *DHI Grp., Inc. v. Kent*, No. 21-20274, 2022 WL 3755782, at *6 (5th Cir. Aug. 30, 2022) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *Pacheco*, 448 F.3d at 793.

[16] *Johnson v. Big Lots Stores, Inc*., 639 F. Supp. 2d 696, 707 (E.D. La. 2009) (citing *Abner v. Kansas City Southern Ry. Co.*, 541 F.3d 372, 382 (5th Cir.2008) (quoting *Hensley*, 461 U.S. at 433)).

[17] *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992).

plaintiff is generally sufficient to convey prevailing party status on the plaintiff,[18] as is a substantial damages award.[19]

The jury verdict in Plaintiff's favor awarding him $185,000 in damages is sufficient to establish Plaintiff's status as a prevailing party even though he did not succeed on all of his claims.

### b.  Defendant

A defendant is generally the prevailing party when it obtains a dismissal with prejudice of the claims against it.[20]  Defendant obtained dismissals with prejudice of five of Plaintiff's six[21] claims, including both of his § 1983 claims.

### c.  Mixed Cases

In some cases, neither side is entirely victorious.  Those cases, called "mixed result" cases, complicate the "prevailing party" analysis.  Rule 54(d) has no special rule or exception for mixed cases, where both parties have some claims decided in their favor, as occurred here.[22]

While the Fifth Circuit has recognized that there may be more than one "prevailing party" in the § 1988 context,[23] it has not addressed whether there can be more than one "prevailing party" for purposes of Rule 54(d).[24]  The Eleventh Circuit addressed that precise issue and held that the plain language of Rule 54(d) contemplates only one prevailing party.[25]  The Federal Circuit has

---

[18] *See Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (citing *Buckhannon*, 532 U.S. at 604).

[19] *Id.*; *see also Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 236 (5th Cir. 2018) (recognizing that the party which receives favorable judgment is appropriately considered the "prevailing party").

[20] *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (holding that a dismissal with prejudice is tantamount to a judgment on the merits, rendering defendant the prevailing party for the purpose of allocating costs) (citation omitted); *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) ("Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case . . . is clearly the prevailing party and should ordinarily be entitled to costs.") (citation omitted).

[21] Plaintiff Perkins' claims are not relevant to the inquiry as Defendant Moring did not file a motion against her.

[22] *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).

[23] *Genesis Marine, LLC v. Hornbeck Offshore Servs., L.L.C.*, 951 F.3d 629, 632 (5th Cir. 2020).

[24] The Fifth Circuit has recognized that there may be no prevailing party for Rule 54(d) purposes.  *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 584 (5th Cir. 1986) (holding that neither party prevailed based on pre-arbitration position and outcome of arbitration).

[25] *Royal Palm Properties, LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1378 (11th Cir. 2022).

reached a similar conclusion, explaining: "[J]ust because a party can be said to have 'prevailed' on a claim does not necessarily make him a 'prevailing party' as the term is used in Rule 54."[26] Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party."[27]

In light of the difficulties faced in mixed results cases, courts recognize that the discretion to deny Rule 54(d) costs is particularly broad in that context.[28] For instance, in *Testa v. Village of Mundelein*, the court ordered each party to bear its own costs when the defendants prevailed on the § 1983 unlawful arrest claim, but plaintiff received a judgment for $1,500 on the pendent state law malicious prosecution claim.[29] Other courts have elected to reduce the prevailing party's costs award based on partial success.[30] Of course, when costs are denied, the court must articulate a reason.[31]

Although the Fifth Circuit has not spoken on whether both sides can simultaneously be characterized as the "prevailing party" under Rule 54(d), it has repeatedly explained that the court must view the case as a whole in determining the prevailing party under Rule 54.[32] Further, it has

---

[26] *Shum*, 629 F.3d at 1367.

[27] *Id.*

[28] *See Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (citing *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999); *Testa v. Village of Mundelein*, 89 F.4th 443, 447 (7th Cir. 1996); *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 641 (7th Cir. 1991)); *Kiewit Power Constructors Co. v. City of L. A. by & through Dep't of Water & Power*, 813 F. App'x 261, 267 (9th Cir. 2020) (holding that court correctly denied costs when judgment was mixed, the issues were close and difficult, and allocating costs was difficult); *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997) (stating that "it is within the discretion of a district court to require each party to bear its own costs" in a mixed results case) (citation omitted); *Interthal v. State Farm Fire & Cas. Co.*, 52 F. App'x 582, 583-84 (3d Cir. 2002) (affirming court's decision to require each party to bear its own costs when plaintiff achieved only partial success on his claims); *see also Jordan Kahn Music Co., LLC v. Taglioli*, No. 21-45, 2023 WL 2266123, at *10 (E.D. Tex. Feb. 28, 2023) (ordering each party to bear its own costs on cross Rule 54(d) motions where some plaintiffs prevailed against some defendants and other defendants prevailed against some plaintiffs and it was impossible to disentangle and allocate the costs expended by either side as between the prevailing and non-prevailing parties), *reconsideration denied*, No. 21-45, 2023 WL 4054586 (E.D. Tex. June 16, 2023), *appeal dismissed sub nom. Jordan Kahn Music Co., L.L.C. v. Taglioli*, No. 23-40195, 2023 WL 6393916 (5th Cir. Sept. 22, 2023).

[29] 89 F.4th 443 (7th Cir. 1996).

[30] *See, e.g., Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (noting that some courts have chosen to apportion costs among the parties or reduce the prevailing party's award to reflect partial success) (citation omitted).

[31] *Pacheco*, 448 F.3d at 793 (citing *Schwarz*, 767 F.2d at 131 (citation omitted)).

[32] *DHI Grp., Inc. v. Kent*, No. 21-20274, 2022 WL 3755782, at *6 (5th Cir. Aug. 30, 2022) (citing *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983).

emphasized that the Rule 54(d) prevailing party need not win on all of his claims,[33] implicitly recognizing that the opponent would thus have prevailed on those lost claims.  In this case, when looking at the case as a whole, Plaintiff Johnson filed suit challenging (1) Defendant Moring's threat to taser him and (2) Defendant Moring's effort to stop the video recording of the incident involving his mother.  Based on that same conduct, Plaintiff asserted a variety of § 1983 and state law claims premised on assault, battery, excessive force and First Amendment retaliation.  ECF No. 1.  These claims were related and arose from the same facts.  While Plaintiff did not prevail on each of the claims, Plaintiff obtained a substantial $185,000 jury verdict.  In contrast, Defendant Moring was required to go to trial and the court entered a $185,000 judgment against him.  ECF No. 128 at 1, 3.  Viewing the case as a whole, Plaintiff is the prevailing party for purposes of Rule 54(d).  And given that the additional lost claims arose from the same facts, there is no basis to conclude that any costs were incurred that would not otherwise have been incurred, precluding the denial or reduction of Plaintiff's costs award.

## B.  Section 1988 Attorneys' Fees as Costs

The general rule in the American legal system is that each party must pay its own attorneys' fees and expenses.[34]  In order to ensure that certain federal rights are adequately enforced, Congress enacted 42 U.S.C. § 1988, which provides that a prevailing party in certain civil rights actions, including § 1983 actions, may recover "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).  Although § 1988 does not facially distinguish between prevailing plaintiffs and prevailing defendants, courts have recognized that the different equitable considerations at stake dictate different standards govern the fee award to 'plaintiffs versus defendants.[35]

---

[33] *See, e.g.*, *id.* at *6 (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).
[34] *Hensley*, 461 U.S. at 429 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975)).
[35] *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 419 (1978)).

### 1.   Plaintiff is Not Entitled to Attorneys' Fees under § 1988

The Fifth Circuit has set forth three requirements for a plaintiff to establish prevailing party status: (1) the plaintiff must achieve judicially sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered.[36]

Interpreting § 1988 in *Hensley v. Eckerhart*, the Court held that a plaintiff asserting both successful and unsuccessful claims may receive fees for all work relating to the accomplishment of that result, even if he failed to prevail on every contention raised.[37]   The Court explained that, where plaintiff's claims are based on different facts and legal theories, and plaintiff prevails on only some claims, "[t]he congressional intent to limit [fee] awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."[38]   But when plaintiff's claims arise out of a common core of facts and involve related legal theories, "the most critical factor is the degree of success obtained."[39]

Consistent with Supreme Court precedent,[40] the Fifth Circuit has regularly recognized that a plaintiff qualifies as a prevailing party under § 1988 when he is successful on a pendent state law claim that arises from the same facts as a substantial, but unresolved, § 1983 claim that was not

---

[36] *Veasey v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021) (quoting *Buckhannon*, 532 U.S. at 604); *see also Farrar*, 506 U.S. at 111 (stating that a plaintiff may qualify as a prevailing party when he achieves "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

[37] 461 U.S. at 440 ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."); *see also Tex. State Tchrs. Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 788 (rejecting the "central issue test" because it is "directly contrary" to the degree of success determination established in *Hensley*).

[38] *Hensley*, 461 U.S., at 435.

[39] *Id.* at 436.

[40] *See, e.g., Maher v. Gagne*, 448 U.S. 122 (1980).

addressed due to constitutional avoidance.[41]  Relying on that principle, Plaintiff argues that his success at trial on the intentional infliction of emotional distress claim entitles him to fees under § 1988.  ECF No. 135-1 at 4-6; No. 146 at 2-3.  In other words, Plaintiff argues, the fact that he succeeded only on his state law claim does not disqualify him from prevailing party status under § 1988 because his federal claim was substantial enough to support jurisdiction and the state law claim arises out of the same facts.  *Id.*  Plaintiff fails, however, to recognize a critical difference between these cited cases and his current situation.

In *Southwestern Bell Telephone Co. v. City of El Paso*, the court issued summary judgment in plaintiff's favor on its state law claims but declined to address whether defendant's conduct also violated § 1983.[42]  Likewise, in *Williams v. Thomas*, the jury rejected plaintiff's § 1983 claim based on the good faith defense but the district judge concluded that the good faith defense did not apply.[43]  On appeal in *Williams*, the Fifth Circuit declined to address whether the good faith defense was improperly rejected since plaintiff would recover compensatory damages under the pendent claim regardless of the decision on the good faith issue.[44]  These constitutional avoidance cases are thus inapposite because they involve situations where a plaintiff succeeded on a state law claim while the court declined to address the unnecessary or difficult constitutional questions raised by the § 1983 claim.[45]  In contrast, here, the jury did consider, and rejected, Plaintiff's § 1983 claim.

Plaintiff's situation is virtually identical to that addressed by the Fifth Circuit in *McDonald*

---

[41] *See, e.g., Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 549-52 (5th Cir. 2003); *Williams v. Thomas*, 692 F.2d 1032, 1034-36 (5th Cir. 1982); *see also Davis v. Abbott*, 731 F.3d 207, 219 (5th Cir. 2015) (discussing § 1988 awards in cases involving constitutional avoidance).

[42] 346 F.3d at 551.

[43] 692 F.2d at 1034.

[44] *Id.* at 1036.

[45] *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471 (5th Cir. 2006), does not support Plaintiff's position either. That court denied the request for § 1988 fees after rejecting the claims for damages under both federal and state law.

*v. Doe*[46] and *Raley v. Fraser,*[47] both of which involved the rejection of a plaintiff's § 1983 claim but favorable judgments on the related state tort claim.[48]  As Judge Rubin wrote in *McDonald:*

> The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, confers the right to recover attorney's fees on a party who prevails in an action to enforce provisions of the federal civil rights law.  This statute does not, however, authorize an award of fees to a party who recovers on a pendent state claim but loses on his civil rights claim.

Under *Maher*,[49] the Fifth Circuit recognized that § 1988 authorizes awarding fees to plaintiffs who succeed on pendent state law claims that are related to undecided, but substantial, constitutional claims.[50]  This rationale does not apply, however, when the federal claim is decided:

> [W]ere the fee-generating federal claim undecided, the rationale of *Maher v. Gagne* and *Smith v. Robinson* would be applicable, and fees would be due to the plaintiff as prevailing party.  That reasoning does not apply when the court has no basis to assume that the plaintiff might possibly have succeeded. The Civil Rights Attorney's Fees Awards Act of 1976 was adopted because the actions in which fees are allowed vindicate rights based on the federal constitution or federal statutes. If it is determined that no constitutional right was violated, the predicate for the award of fees vanishes. There is neither the likelihood nor even the possibility that the court simply avoided a constitutional law decision.[51]

This case, like the court recognized in *Raley*, is "a different case. The trier of fact specifically found that [plaintiff's] constitutional rights were *not* infringed by [defendant's] overzealous actions. Hence *Williams*, though superficially similar to this case, presents quite a different situation from that which we now face."[52]

As in *McDonald* and *Raley* and unlike *Williams* and *Southwestern Telephone Co.*, the relevant § 1983 claim was not left undecided in this case.  While attorneys' fees are properly awarded where a plaintiff prevails on a pendent nonconstitutional claim and the court either

---

[46] 748 F.2d 1055 (5th Cir. 1984).
[47] 747 F.2d 287, 290 (5th Cir. 1984).
[48] 748 F.2d at 1056; 747 F.2d at 290.
[49] *Maher*, 448 U.S. at 132 n.15.
[50] 748 F.2d at 1057.
[51] *Id.* (footnotes omitted).
[52] 747 F.2d at 290-91.

reached and upheld, or did not reach, substantial constitutional claims, fees are not appropriate when the constitutional issue is reached and rejected. Thus, although Plaintiff's state law claim shares the "same nucleus of operative fact" with his unsuccessful § 1983 claim, the jury's explicit rejection of the § 1983 claim means that Plaintiff did not incur a constitutional deprivation, as required to obtain attorney's fees under § 1988. Accordingly, the award on Plaintiff's state law claims does not provide a basis to recover attorneys' fees under § 1988.

### 2.    Defendant Is Not Entitled to Attorneys' Fees Under § 1988

Unlike a plaintiff, success alone is insufficient to support a fee award to a defendant. "[A]ssessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII."[53] Thus, while plaintiffs prevailing under 42 U.S.C. § 1988 are entitled to attorneys' fees unless special circumstances would render an award unjust, a defendant who prevails via dismissal with prejudice is entitled to attorneys' fees only when plaintiff's underlying claim is frivolous, unreasonable, or groundless or when the plaintiff continued to litigate after the claim clearly became so, even when not in bad faith.[54] This standard insulates defendants from the monetary strain of "burdensome litigation

---

[53] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *see also Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986) (no abuse of discretion in denying defendant's request for attorneys' fees where action proceeded to trial on the merits); *cf. Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000) (abuse of discretion in awarding attorney's fees to defendants after complete trial).

[54] *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (per curiam) (citing *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980); *see also Inclusive Louisiana v. St. James Par.*, No. 23-987, 2023 WL 7920808, at *3 (E.D. La. Nov. 16, 2023) (citing *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir. 2012)); *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg*, 434 U.S. at 420); *Blanchard-Daigle v. Geers*, 802 F. App'x 113, 121 (5th Cir. 2020) (per curiam) (citing *Hughes*, 449 U.S. at 15 (quoting *Christiansburg*, 434 U.S. at 421); *see also Walker*, 168 F.3d at 240); *United States v. State of Miss.*, 921 F.2d 604, 609 (5th Cir. 1991) (citing *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968); *Christiansburg*, 434 U.S. at 422); *Vaughner*, 804 F.2d at 878 (quoting *Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 545 (5th Cir. 1978)); *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998)); *Cantu Servs., Inc. v. Frazier*, 682 F. App'x 339, 342 (5th Cir. 2017) (per curiam)(citing *Fox*, 563 U.S. at 833 (quoting *Christiansburg*, 434 U.S. at 416); *Mylett v. Jeane*, 910 F.2d 296, 299 (5th Cir. 1990)). *Alexander v. Trump*, 753 F. App'x 201, 209 (5th Cir. 2018) (noting that a defendant

having no legal or factual basis"[55] while at the same time ensuring that plaintiffs with uncertain but arguably meritorious claims are not deterred from initiating litigation by the threat of incurring onerous legal fees should the claims fail.[56]

When a plaintiff's civil rights claim lacks a basis in fact or relies on an indisputably meritless legal theory, an award of fees to the defendant under § 1988 is proper.[57] For instance, a claim is wholly insubstantial and frivolous if it is foreclosed by previous decisions of the Supreme Court;[58] but a losing claim is not frivolous if it has legal and factual undergirding.[59] To determine whether a suit is frivolous, the court examines (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the court dismissed the case or held a full trial.[60] Simply establishing that a plaintiff's claim was unsuccessful is thus insufficient to support an award of attorneys' fees to the defendant under § 1988.

Moreover, in further contrast to a plaintiff's right to recover attorneys' fees in partial success situations, the Supreme Court has held that a defendant who achieves partial success in "mixed" cases (i.e., those involving frivolous and non-frivolous claims) is only entitled to recover fees to the extent the defendant would not have incurred those fees but for the frivolous claims.[61] In other words, if the defendant incurred no greater attorneys' fees to defend both frivolous and non-frivolous claims, then the defendant is not entitled to any fee award on the frivolous claims. This approach is consistent with the intent of Congress to authorize an award of fees to defendants

---

who receives a dismissal with prejudice is a prevailing party for purposes of § 1988) (citing *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169-70 (5th Cir. 1980)).
[55] *Fox*, 563 U.S. at 833 (quoting *Christiansburg*, 434 U.S. at 420).
[56] *Myers*, 211 F.3d at 292 n.1 (quoting *Aller v. New York Bd. of Elections*, 586 F. Supp. 603, 605 (S.D.N.Y. 1984)).
[57] *Doe*, 440 F. App'x at 424.
[58] *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021).
[59] *Creations Unlimited Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997).
[60] *Myers*, 211 F.3d at 292 (quoting *Walker*, 168 F.3d at 239); *Doe*, 440 F. App'x at 425.
[61] *Fox*, 563 U.S. at 836 & n.3.

to remove the burden associated with fending off frivolous claims but not to penalize a plaintiff who is simply unsuccessful.

The Complaint in this case reflects that all of Plaintiff's claims arise out of the same conduct by Defendant Moring, i.e., threatening to tase Plaintiff Johnson and standing in front of Johnson's camera to force him to stop recording the incident involving his mother.  ECF No. 1. Whether a constitutional claim is frivolous, unreasonable, or groundless is generally assessed individually considering the three factors set forth above.[62]  Defendant has not established Plaintiff's two dismissed § 1983 claims were frivolous, unreasonable, or groundless or that he continued to litigate after the claim clearly became so.

Though Plaintiff's § 1983 claims were unsuccessful, they do not represent the type of factually groundless or vexatious litigation Congress intended to discourage through a fee award under § 1988.  Indeed, both of Plaintiff's § 1983 claims survived summary judgment.  ECF No. 70 at 26-37.  The Fifth Circuit reversed the § 1983 excessive force claim on interlocutory appeal, but it affirmed the denial of summary judgment on the First Amendment § 1983 claim, which proceeded to trial.  ECF No. 92 at 12-15.  Moreover, even had Defendant established that these claims were frivolous, he has not established that the dismissed § 1983 claims caused him to incur more fees than he would have incurred otherwise in defending the non-frivolous claim on which Plaintiff prevailed in this litigation.  Accordingly, Defendant is not entitled to recover attorneys' fees under § 1988.

---

[62] *See Usea v. Manuel*, No. 19-14704, 2022 WL 7037225, at *2 (E.D. La. Oct. 12, 2022) ("Although generally the frivolity of each claim must be examined individually, since all claims in this case revolve around the allegedly faulty affidavit and the existence of probable cause, the frivolity of Plaintiff's claims will be analyzed together.").

IV.    **CONCLUSION**

Considering the case as a whole, the jury's award of $185,000 in Plaintiff's favor on his state law tort claim establishes that he is the prevailing party within the meaning of Rule 54(d). Assuming Rule 54(d) allows for more than one prevailing party, when considering the case as a whole, Defendant's success on Plaintiff's § 1983 claims and other related state law claims is insufficient to justify an award of costs, particularly when there is no basis to suggest that Defendant suffered any significantly greater incremental cost when addressing those claims at the same time as it addressed Plaintiff's successful claims.

Neither party has established entitlement to attorneys' fees under § 1988. Fifth Circuit precedent is clear that, when a plaintiff's § 1983 claim is rejected (rather than avoided), success on a state law claim arising from the same operative facts is insufficient to support an award under § 1988. Further, a prevailing defendant is not entitled to attorneys' fees under § 1988 unless he can establish that the claims were frivolous, unreasonable, and without foundation. Even in that case, when a frivolous claim is combined with a non-frivolous claim, the defendant is not entitled to an award of fees unless he can demonstrate that the frivolous claim caused him to incur fees that he would not otherwise have incurred. Defendant has not even addressed, much less attempted to establish, that he experienced such additional fees.

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that (1) Plaintiff's Motion to Tax Costs be **GRANTED**, Plaintiff be declared the prevailing party for purposes of Rule 54(d), and that he be awarded costs in an amount to be determined by the Clerk of Court in accordance with Local Rules 54.3 and 54.3.1; (2) Plaintiff's Motion for Attorneys' fees be **DENIED**; (3) Defendant's Motion for

Taxation of Costs be **DENIED**; and (4) Defendant's Motion for Attorneys' Fees be **DENIED**, all for the reasons stated herein.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[63]

New Orleans, Louisiana, this 28th day of June, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[63] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.